

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **KAY STONE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV 07-B-1212-NE |
| | ) |
| **JUDGE LYNWOOD SMITH,** | ) |
| | ) |
| Defendant. | ) |

**AMENDED MEMORANDUM OPINION**

On January 31, 2008, and February 7, 2008, Renate H. Stone, on behalf of her daughter, plaintiff Kay Stone, filed a Response and evidence in opposition to defendant's Motion to Dismiss. In its Memorandum Opinion granting defendant's Motion to Dismiss, the court noted that plaintiff had failed to file a response. According to information received from Renate Stone, such Response was received by the court, but it was not filed due to no fault of the plaintiff. Therefore, the court has reconsidered its earlier opinion in light of the Response filed by plaintiff.

After consideration of plaintiff's Response, evidence, and the record in *Stone v. Health Care Authority of the City of Huntsville*, CV 01-HS-1862-NW, the court finds that plaintiff lacks standing to pursue this action against defendant. This court's Show Cause Order informed plaintiff that the court believed it lacked subject-matter jurisdiction based on plaintiff's lack of standing. Although plaintiff's Response carefully and thoroughly recounts the history of her claims against Huntsville Hospital in CV 01-HS-1862-NW and

why she believes judgment in favor of Huntsville Hospital was wrong, she has not demonstrated that any infirmities or errors in those proceedings provide her standing for her claims against defendant, who briefly presided over those proceedings.

In her Response, plaintiff asks this court "to grant relief in this unjust affair and grant [her] a jury trial" against Huntsville Hospital. (Doc. 12 at 4.) The court does not have the power to grant this relief and to allow plaintiff to try her claims against Huntsville Hospital. The Eleventh Circuit, reviewing the evidence and briefs *de novo*, found that plaintiff had failed to produce sufficient evidence to overcome summary judgment. This court is bound by that decision. *See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004).

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action," even if "the judgment may have been wrong." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99 (1981)(internal quotations and citations omitted). A final judgment "is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action." *Id*. (internal quotations and quotations omitted) The judgment against plaintiff in *Stone v. Health Care Authority of the City of Huntsville*, CV 01-HS-1862-NW, is final because plaintiff has exhausted her appeals and her petition for certiorari review was denied. *See Bradley v. School Bd. of City of Richmond*, 416 U.S. 696, 711 (1974). The judgment in that case cannot be attacked in this action against defendant.

Plaintiff has failed to demonstrate that she has standing to bring an action against defendant. Therefore, for the reasons set forth in this court's Show Cause Order, defendant's Motion to Dismiss will be granted and plaintiff's claims will be dismissed.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that it lacks subject-matter jurisdiction over plaintiff's claims. An Order granting defendant's Motion to Dismiss, (doc. 4), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 15th day of February, 2008.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE